Justice ALITO, concurring.
For the reasons explained in the opinion of the Court, the provision of the Lanham Act at issue in this case violates the Free Speech Clause of the First Amendment because it discriminates on the basis of viewpoint and cannot be fixed without rewriting the statute. Viewpoint discrimination is poison to a free society. But in many countries with constitutions or legal traditions that claim to protect freedom of speech, serious viewpoint discrimination is now tolerated, and such discrimination has become increasingly prevalent in this country. At a time when free speech is under *2303 attack, it is especially important for this Court to remain firm on the principle that the First Amendment does not tolerate viewpoint discrimination. We reaffirm that principle today.
Our decision is not based on moral relativism but on the recognition that a law banning speech deemed by government officials to be "immoral" or "scandalous" can easily be exploited for illegitimate ends. Our decision does not prevent Congress from adopting a more carefully focused statute that precludes the registration of marks containing vulgar terms that play no real part in the expression of ideas. The particular mark in question in this case could be denied registration under such a statute. The term suggested by that mark is not needed to express any idea and, in fact, as commonly used today, generally signifies nothing except emotion and a severely limited vocabulary. The registration of such marks serves only to further coarsen our popular culture. But we are not legislators and cannot substitute a new statute for the one now in force.